IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

JUDITH PEREZ,                                    CASE NO.:

    Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,                     2013 CA 0 01676 XXXX MB
a Florida corporation,

    Defendant.

_____/

### COMPLAINT

Plaintiff, Judith Perez ("Perez") hereby sues Publix Super Markets, Inc. ("Publix") (Perez

and Publix hereinafter collectively referred to as the "Parties") and states:

### GENERAL ALLEGATIONS

1.    This is an action for failure to accommodate religious beliefs, for which this

Honorable Court has subject matter jurisdiction under the Florida Civil Rights Act of 1992, Fla

Stat. 760.01-.11 ("FCRA"). This action is to recover damages in excess of $15,000 (exclusive of

interest, costs and attorneys' fees) and to obtain equitable relief within the subject matter

jurisdiction of this Honorable Court.

2.    At all times pertinent to this Complaint, Publix was and is a Florida corporation

with locations throughout Florida.

3.    At all times pertinent to this Complaint, Perez was and is a resident of Palm

Beach County, Florida.

4.    Perez, a bona fide observer of the Jewish Sabbath, applied for a full-time position,

Assistant Pharmacy Manager, with Publix.

EXHIBIT
A

5.      Perez was interviewed on or about January 3, 2012 by Brian Williams, Pharmacy Supervisor ("Williams").

6.      During the interview, Perez reiterated her sincere interest in working for Publix.

7.      Williams told Perez that he was extremely impressed with her and that she seemed perfect for the position.

8.      At the end of the interview, Williams asked Perez if there was anything that would prevent her from working any particular shift.

9.      Perez informed Williams that she observes the Orthodox Jewish faith, keeps the Sabbath, and would be unable to work from sunset Friday through sunset Saturday.

10.     Perez, on her own accord, and without any request from Williams, offered to work every Sunday and every holiday including, but not limited to, both traditional Christian holidays and non-Christian holidays (e.g., Christmas, Thanksgiving week, Fourth of July, Labor Day, Martin Luther King Day, President's Day, Columbus Day, Veteran's Day, Memorial Day etc., etc. etc.).

11.     Williams then informed Perez that her inability to work from sunset Friday through sunset Saturday presented a scheduling limitation that might be an issue and that he would need to look into the scheduling issue.

12.     Williams failed to discuss scheduling options or any possible accommodations with Perez whatsoever.

13.     Not long after Ms. Perez's interview with Mr. Williams he left the following voice mail message for her:

> Good Afternoon Judith, this is Brian Williams at Publix Pharmacy, I was just calling to get back to you in reference to our interview we had together. It was a pleasure to meet you, but *__unfortunately a lack of availability and not being able to coordinate a schedule with the pharmacist I have really no opportunities at this time__*, but I received your application and your resume

and hopefully if something does arise or come up in the future I will get in touch with you.  Thanks, have a great day.

Emphasis added.

14.     Publix did not offer Perez an Assistant Pharmacy Manager position assigned to one Publix location because of her lack of availability (i.e., she was unable to work on the Jewish Sabbath).

15.     Perez timely and dually filed a Charge of Discrimination against Publix based on religious discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

16.     On January 30, 2013, Perez received a Notice of Right to Sue from the EEOC stating that "[m]ore than 180 days have passed since the filing of t[he] charge" and that the EEOC is "terminating its processing of th[e] charge."

17.     All conditions precedent to the filing of this lawsuit have been performed, excused or waived.

18.     Perez has retained the services of Schwarzberg & Associates to represent her interests and has agreed to pay Schwarzberg & Associates its reasonable attorneys' and paralegal fees.

## COUNT I
### Religious Discrimination – Failure to Accommodate
### (FCRA)

19.     Perez incorporates the General Allegations as if fully set forth herein.

20.     Perez is an individual "person" and an "aggrieved person" as those terms are defined under Fla. Stat. §§ 760.02(6) and (10).

21.     Publix was an "employer" as that term is defined under Fla. Stat. § 760.02(7) because Publix employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

22.     Perez is and was a bona fide observer of the Jewish Sabbath, and is entitled to protection under the FCRA.

23.     Perez's bona fide religious observance conflicted with Publix's employment requirement that she work from sunset Friday through sunset Saturday.

24.     Publix failed to offer Perez employment with an accommodation for her to exercise her religious rights and to observe the Jewish Sabbath.

25.     Publix's refusal to hire Perez because she could not commit to working every day of the week, including the Jewish Sabbath, was malicious and done with reckless disregard for Perez's rights.

26.     As a direct and proximate result of Publix's discriminatory actions, Perez has suffered and continues to suffer damages, including, but not limited to, emotional distress.

**WHEREFORE,** Plaintiff, Judith Perez respectfully requests that this Honorable Court:

A.  issue an order prohibiting Publix's discriminatory practice;

B.  issue an order that Publix offer to hire Judith Perez;

C.  provide affirmative relief from the effects of Publix's discriminatory practice, including, but not limited to, back pay and front pay and as shall appear proper within the provisions of FCRA;

D.  award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries;

E.  award punitive damages; and

F.  award attorneys' fees and costs; and

G.  issue any such other and further relief that this Honorable Court deems just and

proper.

## JURY DEMAND

Plaintiff, Judith Perez, hereby demands and is entitled to a trial by jury as to all issues and

claims set forth herein.

> SCHWARZBERG & ASSOCIATES
> Attorneys for Judith Perez
> Phillips Point - East Tower
> 777 South Flagler Drive, Suite 1120E
> West Palm Beach, FL 33401
> Telephone: (561) 659-3300
> Facsimile: (561) 659-1911
>
> By: _Steve Schwzbg_____
>
> STEVEN L. SCHWARZBERG, ESQ.
> Florida Bar No. 0306134
> Primary Email: steve@schwarzberglaw.com
> Secondary Email: mail@schwarzberglaw.com
> GRACE M. MURILLO, ESQ.
> Florida Bar No. 030525
> Email:gmurillo@schwarzberglaw.com
> Secondary Email: mail@schwarzberglaw.com

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

**2013 CA 0 01676 XXXX MB**

JUDITH PEREZ,

     Plaintiff,

vs

PUBLIX SUPER MARKETS, INC.,
a Florida corporation

     Defendant.             /

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this

action on Defendant:

     **PUBLIX SUPER MARKETS, INC.**
     **c/o its Registered Agent**
     **John A. Attaway, Jr.**
     **3300 Publix Corporate Parkway**
     **Lakeland, FL 33811**

     The defendant is required to serve written defenses to the Complaint on Steven L.

Schwarzberg, Esq. of Schwarzberg & Associates, Plaintiff's attorney, whose address is Phillips Point

– East Tower, 777 South Flagler Drive, Suite 1120E, West Palm Beach, Florida 33401, within

twenty (20) days after service of this summons, exclusive of the day of service, and to file the

original of the defenses with the clerk of this court either before service on Plaintiff's attorney or

immediately thereafter. If the defendant fails to do so, a default will be entered against the defendant

for the relief demanded in the Complaint.

DATED on this _____ day of January, 2013.

JAN 30 2013

SHARON R. BOCK
Clerk/Comptroller of the Court

(SEE REVERSE SIDE)
(VEASE AL RESES SHARON R. BOCK
(VOIR DE L'AUTRE COTE PP Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

As Deputy Clerk
(SEAL)

HILARY MOSKOWITZ

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero du dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir des services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

## THIS NOTICE IS PROVIDED PURSUANT TO ADMINISTRATIVE ORDER NO. 2.031-9/96

In accordance with the Americans with Disabilities Act, persons in need of a special accommodation to participate in this proceeding or to access a court service, program or activity shall, within a reasonable time prior to any proceeding or need to access a service, program or activity, contact the Administrative office of the Court, 205 North Dixie Highway, Room 5.2500, West Palm Beach, Florida 33401, telephone (561) 355-2431, or 1-800-955-8771 (TDD), or 1-800-955-8770 (V), via Florida Relay Service.

## SPANISH

De acuerdo con el Acta de los Americanos con Impedimentos, aquellas personas que necesiten de algún servicio especial para participar en este proceso o tener acceso a servicios, programas ó actividades de la Corte deberán, dentro de un periodo rasonable antes de cualquier proceso o de tener necesidad de acceso a servicios, programas ó actividades, ponerse en contacto con la Oficina Administrativa de la Corte, que está situada en el 205 N. Dixie Highway, oficina número 5.2500, West Palm Beach, Florida 33401, ó a los teléfonos (561) 355-2431 ó 1-800-955-9771 (TDD) y si usa el servicio Florida Relay Service al 1-800-955-8770 (V).

## CREOLE

D'aprè akò ki té fet avek Akt Pou Amérikin ki Infim, tout moun ki genyen yon bézwen éspesyal pou akomodasyon pou yo patisipé nan pwosé obyen pou gin aks. Sèvis, pwogram ak aktivité tibinal-la, dwé nan yon tan rézonab anvan okin pwosé oubyen bezwen aksè sèvis, pwogram oubyen aktivité fèt, yo dwé konta Ofis Tribinal-la ki nan 205 North Dixie Highway, Cham 5.2500, West Palm Beach, Florida 33401, niméro téléfòn-nan sé (561) 355-2431, ou byen 1-800-955-8771 (TDD) ou byen 1-800-955-8770 (V) an pasan pa Florida Relay Service.

## FRENCH

En accordance avec l'Acte Pour les Américains Incapacités, les personnes en besoin d'une accommodation spéciale pour participer á ces procédures, ou bein pour avoir accès au service, programme, ou activité de la Court doivent, dans un temps raisonable, avant aucune procedures ou besoin d'accès de service, programme ou activité, contacter l'Office Administrative de la Court, situé au numéro 205 North Dixie Highway, chambre 5.2500, West Palm Beach, Florida 33401, le numéro de téléphone (561) 355-2431, ou 1-800-955-8771 (TDD), ou 1-800-955-8770 (V) ou par Florida Relay Service.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JUDITH PEREZ,                          :
                                       :
                Plaintiff,             :
                                       :         Case No.: 2013-CA- 01676
v.                                     :
                                       :
PUBLIX SUPER MARKETS, INC.,            :
                                       :
                Defendant.             :
_____:

## MOTION OF DEFENDANT PUBLIX SUPER MARKETS, INC.
## TO DISMISS PLAINTIFF'S COMPLAINT

Comes now Defendant, Publix Super Markets, Inc. ("Publix"), by and through its

undersigned counsel, and files its Motion to Dismiss the Complaint filed by Plaintiff, Judith

Perez ("Plaintiff"), and in support thereof, would show that:

**I.      Standard Of Review.**

The standard on a Motion to Dismiss is "[w]hether a complaint is sufficient to state a

cause of action is an issue of law." Additionally, a trial court is required to "treat the factual

allegations of the complaint as true and to consider those allegations in the light most favorable

to the plaintiffs." *Siegle v. Progressive Consumers Ins. Co.*, 819 So. 2d 732, 734-735 (Fla. 2002)

(citations omitted). "A motion to dismiss under rule 1.140(b) tests whether the plaintiff has

stated a cause of action, not whether the plaintiff will prevail at trial." *United Auto. Ins. Co. v.*

*Law Offices of Michael I. Libman*, 46 So. 3d 1101, 1103 (Fla. 3rd DCA 2010) (citing, *Lonestar*

*Alt. Solution, Inc. v. Leview-Boymelgreen Soleil Developers, LLC.*, 10 So. 3d 1169, 1171 (Fla. 3d

DCA 2009)).  As will be discussed, Plaintiff's Complaint does not establish a claim upon which

relief may be granted.

## II.     Statement Of Facts From The Complaint.

Plaintiff brings a one-count Complaint, alleging a violation of Chapter 760, Florida Statutes and the Florida Civil Rights Act ("FCRA").  Plaintiff, who was never an employee of Publix, applied for an Assistant Pharmacy Manager position with Publix (Complaint ¶4). Plaintiff claims that "she observes the Orthodox Jewish faith…" (Complaint ¶9).   As a result, Plaintiff demanded to be relieved of any work "from sunset Friday through sunset Saturday" (Complaint ¶9).  Plaintiff's proffered "accommodation" was that she would work "every Sunday and every holiday including, but not limited to, both traditional Christian holidays and non-Christian holidays (e.g., Christmas, Thanksgiving week, Fourth of July, Labor Day, Martin Luther King Day, President's Day, Columbus Day, Veteran's Day, Memorial Day etc., etc. etc.)" (Complaint ¶10).

## III.    Argument.

### A.      The Florida Civil Rights Act Does Not Contain A Requirement For Employers To Accommodate The Religious Practices Of Applicants.

The Florida Civil Rights Act of 1992 ("FCRA") provides in section 760.10(1)(a):

> It is an unlawful employment practice for an employer: (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

Clearly, there is no requirement for accommodation in the statute.  In contrast, Title VII of the Civil Rights Act of 1964 defines "religion" as including "all aspects of religious observance and practice, as well as belief, **unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.**" 42 U.S.C. 2000e(j) (emphasis added).

2

In a similar vein, the vast majority of the courts that have addressed this issue have held that the FCRA does not encompass pregnancy discrimination because pregnancy is not mentioned in the FCRA. *Delva v. Continental Group, Inc.*, 96 So.3d 956, 958 (Fla. App. 3rd DCA 2012); *O'Loughlin v. Pinchback*, 579 So.2d 788, 790 (Fla. App. 1st DCA 1991); *see also Whiteman v. Cingular Wireless, LLC*, 273 Fed. Appx. 841 (11th Cir. 2008) (affirming summary judgment for employer where district court found that pregnancy was not a protected class under the FCRA); *DuChateau v. Camp Dresser & McKee, Inc.*, 822 F. Supp. 2d 1325 (S.D. Fla. 2011); *Boone v. Total Renal Labs., Inc.*, 565 F. Supp. 2d 1323, 1326 (M.D. Fla. 2008) ("This Court agrees with those courts that have found that because the Florida legislature did not add language similar to the [Pregnancy Discrimination Act] to the FCRA when it was enacted in 1992 -- after *O'Loughlin* -- the legislature did not intend to include a proscription on pregnancy discrimination in the FCRA."); *Fernandez v. Copperleaf Golf Club Cmty. Ass'n*, 2005 WL 2277591, *1 (M.D. Fla. 2005) ("While plaintiff may be correct that the Florida Civil Rights Act allows a more extensive remedy than under the federal statute, the fact remains that pregnancy discrimination is not prohibited by the Florida Civil Rights Act and therefore the state statute provides no remedy for pregnancy discrimination."); *Frazier v. T-Mobile USA, Inc.*, 495 F. Supp. 2d 1185, 1187 (M.D. Fla. 2003) ("This Court is of the opinion that the FCRA does not provide for a claim of pregnancy-based discrimination."); *Swiney v. Lazy Days R.V. Ctr. Inc.*, 2000 WL 1392101 (M.D. Fla. 2000) (dismissing FCRA-based pregnancy discrimination claim); *Zemetskus v. Eckerd Corp.*, Slip Op. No. 8:02-cv-1939-T-27TBM (M.D. Fla. Apr. 1, 2003) (dismissing FCRA-based pregnancy discrimination claim.)

Just as the legislature did not include language regarding pregnancy in the FCRA, the legislature did not include a requirement that employers must accommodate their employees' (or

3

their applicants') religious preferences. "[L]egislative intent, rather than the duty to benefit a class of individuals, should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one. *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985-86 (Fla. 1994). Absent an **explicit expression** of legislative intent to create a private right of action, none will be implied. *Villazon v. Prudential Health Care Plan, Inc.*, 843 So. 2d 842 (Fla. 2003).

> In *Villazon*, the Florida Supreme Court held that:
>
> There are other regulatory statutes in which the legislature has specifically created a private right of action. In the nursing home statute, for example, the legislature created a nursing home resident's "right to receive adequate and appropriate health care," *see* §400.022(1)( 1 ), Fla. Stat. (1997), and a concomitant private right of action for deprivation of a resident's statutory rights. *See* § 400.023(1), Fla. Stat. (1997); *Somberg v. Florida Convalescent Ctrs., Inc.*, 779 So. 2d 667, 668 (Fla. 3d DCA 2001), *approved*, 840 So. 2d 998 (Fla. 2003). **Absent such expression of intent, a private right of action is not implied.** *cf. Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 986 (Fla. 1994) ("**In general, a statute that does not purport to establish civil liability but merely makes provision to secure the safety or welfare of the public as an entity, will not be construed as establishing a civil liability.**") (*quoting, Moyant v. Beattie*, 561 So. 2d 1319, 1320 (Fla. 4th DCA 1990)).

*Villazon*, 843 So. 2d at 852 (citations in original; emphasis added). *See also Citizens Property Ins. Corp. v. Garfinkel*, 25 So. 3d 62, 68 (Fla. 5th DCA 2009) ("Absent an explicit expression of legislative intent to create a private right of action, none will be implied.") (citations omitted), *overruled on other grounds, Citizens Property Ins. Corp. v. San Perdido Ass'n, Inc.*, 104 So. 3d 344, (Fla., 2012); *United Auto. Ins. Co. v. A 1st Choice Healthcare Systems*, 21 So. 3d 124, 128 (Fla. 3rd DCA 2009) ("Absent a specific expression of such intent, a private right of action may not be implied.") (citations omitted).

When the Florida Legislature intends to create a new cause of action, it knows exactly how to accomplish that task. In 1991, the Florida Legislature created a new cause of action for private employees -- the "Whistleblower" Statute. Sections 448.101-105, Florida Statutes. First,

4

the Legislature defined the terms it would use in the statute. Section 448.101, Florida Statutes. Next, the Legislature set forth in detail the prohibited conduct. Section 448.102, Florida Statutes. In Section 448.103, Florida Statutes, the Legislature detailed the employee's remedy and exactly where (i.e., in what court) the aggrieved person could file suit, and set forth the remedies to which that person could be entitled.

B.   Assuming, *Arguendo*, That The FCRA Contains A Requirement That Employers Accommodate Applicants, Plaintiff's Demand Was Unreasonable As A Matter Of Law.

1.   The Law Does Not Require Publix To Incur Anything More Than A *De Minimis* Cost In Accommodating Religious Beliefs.

Generally, "courts construe FCRA in conformity with Title VII." *Byrd v. BT Foods, Inc.*, 26 So. 3d 600, 605 (Fla. App. 4th DCA 2009). Thus, and assuming *arguendo*, that a duty to accommodate religious beliefs exists under the FCRA, federal law must be reviewed to determine the parameters of that duty. The seminal case from the United States Supreme Court on religious accommodation is *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63 (1977).

In *Hardison*, the plaintiff, a member of the Worldwide Church of God, attempted to change his work schedule in order to avoid working his Sabbath. *Id.* at 67. Originally, the plaintiff had acquired enough seniority to avoid shift assignments conflicting with his Sabbath, but he relinquished this seniority when he transferred to a new work location. *Id.* at 68. The plaintiff's employer, Trans World Airlines, was unable to switch the plaintiff's new shifts so as to avoid his Sabbath. *Id.* at 69. Thus, the plaintiff was discharged for his refusal to work on his Sabbath. *Id.*

Initially, the Supreme Court held that employers need not "bear more than a *de minimis* cost" in accommodating employees would constitute an "undue hardship" on the employer. *Id.* at 81. The Supreme Court went on to hold that requiring an employer to accommodate an

5

employee's request not to work on his Sabbath **constituted an undue burden** because it would either leave the employer short-staffed on weekends or require it to hire additional employees to fill in. *Id.* at 84-85. That, of course, is exactly the situation here -- Publix would either have to let its pharmacy be short-staffed or hire an additional person to fill in for Plaintiff.   In *Brener v. Diagnostic Center Hospital*, 671 F.2d 141, 146 (5th Cir. 1982), the Fifth Circuit held that hiring a substitute employee in order to permit the plaintiff to observe the Sabbath "plainly would involve a more than *de minimis* cost." Indeed, any "proposed accommodation is an 'undue hardship' if it results in more than a '*de minimis*' cost to the employer." *E.E.O.C. v. Oak-Rite Mfg. Corp.*, 2001 WL 1168156, *10 (S.D. Ind. Aug. 27, 2001); *accord Rumfola v. Total Petrochemical USA, Inc.*, 2012 WL 860405, *4 (M.D. La. Mar. 13, 2012) ("Undue hardship exists as a matter of law when an employer incurs anything more than a *de minimis* cost to reasonably accommodate an employee's religious beliefs.")

### 2. The Mere Possibility Of A *De Minimus* Cost Is An Undue Hardship.

Nor does Publix need to "prove" anything in this regard. The United States Court of Appeal for the Fifth Circuit has held that the "***mere possibility* of an adverse impact *on co-workers ... is sufficient to constitute an undue hardship*."**). *Bruff v. North Mississippi Health Services, Inc.*, 244 F.3d 495, 501, n.14 (5th Cir. 2001) (emphasis added; citations omitted) *cert. denied* 532 U.S. 952 (2001),   The Fifth Circuit has further held that an employer need not actually incur costs before claiming that an accommodation would result in costs that are more than *de minimus*. *Id.* at 501.  An employer must prevail as a matter of law if the employer cannot reasonably accommodate the employee's religious beliefs without "undue hardship on the conduct of the employer's business." *Lee v. ABF Freight Sys.*, 22 F.3d 1019, 1022 (10th Cir. 1994).

"It is anomalous to conclude that by 'reasonable accommodation' Congress meant that an employer must deny the shift and job preferences of some employees… in order to accommodate or prefer the religious needs of others." *Cook v. Chrysler Corp.*, 981 F.2d 336, 338 (8th Cir. 1992) (citing, *Hardison*, 432 U.S. at 81), *cert. denied*, 508 U.S. 973 (1993). "Indeed, an employer is not required to suffer a chaotic personnel problem in order to be in compliance with Title VII." *Crider v. University of Tennessee, Knoxville,* ___ Fed. Appx. ___, 2012 WL 3002756 *8 (6th Cir. 2012) (citations omitted). Rather, "the ***mere possibility*** of an adverse impact on co-workers … is sufficient to constitute an undue hardship." *Virts v. Consol. Freightways Corp.*, 285 F.3d 508, 520-21 (6th Cir. 2002) (applying *Hardison*; internal citations omitted; emphasis added).

The *Hardison* Court held that even if accommodating one employee would not be a significant burden, the ***mere likelihood*** that other employees would request similar accommodations could result in an ***undue hardship***. *See Hardison*, 432 U.S. at 84 n. 15. Thus, another Court has held that:

> Finally, Home Depot notes that many other employees in its large workforce could request similar accommodation, thus amplifying the hardship that accommodating [the plaintiff] would impose on it. This argument parallels the concern in *Hardison*, where the Court found that the likelihood that TWA would have to give other employees Saturdays or Sundays off for religious observance if it accommodated Hardison added to TWA's hardship.

*George v. Home Depot Inc.*, 2002 WL 31319124 *4 (5th Cir. Sept. 27, 2002) (citations omitted).

### 3. Requiring An Employee To Work So Another Can Have Her Preferred Days Off Is Discrimination Based On Religion.

"In other words, an employer cannot give preference to an employee because of his or her religion any more than it can discriminate against that employee for the same reason. It is axiomatic that **preferential treatment** involves discriminating against one in favor of another

7

which, in the context of religion, **is exactly the conduct proscribed by Title VII**." *Nobach v. Woodland Village Nursing Home Center, Inc.*, 2012 WL 3811748 *5 (S.D. Miss. Sept. 4, 2012) (emphasis added; citations omitted). Thus, Publix cannot require other Pharmacy Managers to switch shifts with Plaintiff. *Eversley v. MBank Dallas*, 843 F.2d 172, 176 (5th Cir. 1988) (holding it would be an undue hardship on an employer to require employees to switch shifts.); *Sanchez-Rodriguez v. AT & T Wireless*, 728 F. Supp. 2d 31, 44 (D. P.R. 2010) **("[The plaintiff's] proposed accommodation to disrupt [the employer's] neutral scheduling system would have constituted an undue hardship for it.")** (emphasis added).

In *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 272 (5th Cir. 2000), the plaintiff was a long-haul truck driver for Roadway Express. His religious beliefs prevented him from making overnight runs with a female driver who was not his wife. When the plaintiff requested that he be "skipped over" whenever an assignment came up with a female partner because of his beliefs, his supervisor told him that he must work with women drivers or not work at all. *Id.* at 272. **Although Roadway had not offered the plaintiff any reasonable accommodation**, the Fifth Circuit affirmed dismissal in the defendant's favor because plaintiff's proposed accommodation would have created more than a *de minimis* expense. *Id.* at 274-75. The Court found that:

> [B]y skipping over [the plaintiff] to avoid pairing with a female driver **may adversely affect other drivers**. For example, the run [the plaintiff] passes up **might lead** his substitute to accept a shorter run than she might otherwise, which provides less compensation and is therefore less valuable. [The plaintiff's] substitute **might** also receive less rest and time off between runs than he or she might otherwise.

*Id.* at 274 (emphasis added).

Significantly, the Fifth Circuit held that "[t]he **mere possibility of an adverse impact** on co-workers as a result of 'skipping over' is sufficient to constitute an undue hardship." *Id.* (citing *Hardison*, 432 U.S. at 81; *Lee v. ABF Freight Sys.*, 22 F.3d 1019, 1023 (10th Cir. 1994); *Cook v.*

8

*Chrysler Corp.*, 981 F.2d 336, 338 (8th Cir. 1992) (hardship need not be quantifiable in economic terms)) (reaming citations omitted). The appeals court held that **"Roadway's hypotheticals** regarding the affects [sic] of accommodation on other workers **are not too remote or unlikely to accurately reflect the cost of accommodation....** [F]ederal law does not require Roadway to wait until it felt the effects of [the plaintiff's] proposal by foregoing a run or skipping over a female driver." *Id.* at 274–75 (citations omitted).

### 4. Demanding All Sabbaths Off Is An Undue Hardship, As A Matter Of Law, And Courts Have So Held.

Therefore, as in this case:

> [I]t is clear **that completely exempting [the plaintiff] from the holiday scheduling process would be an undue hardship to [the employer].** The only way to completely exempt [the plaintiff] from the holiday scheduling process, including the option to swap shifts, would be to either require the other [employees] to work all of the shifts during every single holiday that happens to fall on a Saturday, or to leave shifts without an [a manger] in attendance in violation of [the employer's] preferred staffing policy.... "[I]t would be anomalous to conclude that by 'reasonable accommodation' Congress meant **that an employer must deny the shift and job preferences of some employees, as well as deprive them of their contractual rights, in order to accommodate or prefer the religious needs of others....**" *See also Beadle v. City of Tampa*, 42 F.3d at 636-38 ,(requiring employer to grant shift exceptions would result in a greater than *de minimus* cost); *Wisner v. Truck Central*, 784 F.2d 1571 (11th Cir.1986) (affirming that requiring other employees to work more frequently on Saturdays to accommodate plaintiff would create an undue hardship). *See also Weber v. Roadway Express, Inc.*, 199 F.3d 270, 274 (5th Cir.2000) ("[t]he mere possibility of an adverse impact on co-workers ... is sufficient to constitute an undue hardship.")

*Howard v. Life Care Centers of America, of Tennessee*, 2007 WL 5023585 *7 (M.D. Fla. 2007) (citations in original; other citations omitted).

"Where an employee refuses to attempt to accommodate his own beliefs or to cooperate with his employer's attempt to reach a reasonable accommodation, he may render an accommodation impossible." *Chrysler Corp. v. Mann*, 561 F.2d 1282, 1285 (8th Cir. 1977), *cert. denied*, 434 U.S. 1039 (1978). Indeed, the court in *Prach v. Hollywood Supermarket, Inc.*, 2010

9

WL 3419461 *5 (E.D. Mich. Aug. 27, 2010), could well have been talking about this case when it held that:

> Under these guidelines, the proposed accommodations in this case all result in undue hardships to Defendant. ***Hiring an additional employee* to accommodate Plaintiff clearly imposes more than a *de minimus* cost and Defendant cannot be required to *leave the produce department* understaffed or *make transfers at the expense of other departments*.**

(Emphasis added.) *See also Weber v. Roadway Exp., Inc.,* 199 F.3d 270, 274 (5th Cir. 2000) (finding unreasonable a proposed accommodation because it "would unavoidably result in alteration of other employees' schedules" and therefore constitute an "undue hardship."); *Balint v. Carson City, Nev.,* 180 F.3d 1047, 1054 (9th Cir. 1999) ("an accommodation results in undue hardship when there is more than a *de minimis* cost to the employer, which could include 'additional costs in the form of lost efficiency or higher wages.'"); *United States v. City of Albuquerque,* 545 F.2d 110, 114 (10th Cir. 1976) (affirming a dismissal of the case by holding that: "But [the plaintiff] would have none of this. [The plaintiff] **wanted Friday nights and Saturday days off** *as a matter of right*.") (emphasis added), *cert. denied,* 435 U.S. 909 (1977); *Morgan v. City and County of Denver,* 2010 WL 5811831, *5 (D. Colo. Dec. 29, 2010) ("[The plaintiff] wanted Saturdays off as a matter of right. **This the defendant was not required to do.**") (emphasis added' footnote omitted).

WHEREFORE, Defendant Publix Super Markets, Inc. prays that this Court dismiss Plaintiff's Complaint with prejudice and award it all other relief to which it is entitled.

**[SIGNATURE LINES CONTAINED ON THE FOLLOWING PAGE]**

Respectfully submitted,

Edmund J. McKenna
Florida Bar No: 0845922
**OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.**
100 North Tampa Street, Suite 3600
Tampa, Florida 33602
Telephone: (813) 289-1247
Facsimile:  (813) 289-6530
E-mail:  edmund.mckenna@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by electronic mail upon:

Steven L. Schwarzberg, Esq.
Grace M. Murillo, Esq.
Schwarzberg & Associates
Phillips Point – East Tower
777 South Flagler Drive, Suite 1120E
West Palm Beach, FL 33401
steve@schwarzberglaw.com
mail@schwarzberglaw.com
gmurillo@schwarzberglaw.com
Attorneys for Plaintiff

on this 21st day of February, 2012.

Edmund J. McKenna

14352464.1

11

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

JUDITH PEREZ,

CASE NO.: 2013CA001676XXXXMB AH

    Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation,

    Defendant.
_____/

## NOTICE OF FILING VERIFIED RETURN OF SERVICE

    Plaintiff serves this Notice of Filing Verified Return of Service on Defendant, Publix

Super Markets, Inc. attached hereto as Exhibit "A."

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via

U.S. Mail and e-mail upon Edmund J. McKenna, Esq., Ogletree, Deakins, Nash, Smoak, &

Stewart, P.C., 100 North Tampa Street, Suite 3600, Tampa, FL 33602 and

edmund.mckenna@ogletreedeakins.com on this _____ day of March, 2013.

                    SCHWARZBERG & ASSOCIATES
                    Attorneys for Judith Perez
                    Phillips Point, East Tower
                    777 South Flagler Drive, Suite 1120E
                    West Palm Beach, FL 33401
                    Telephone:(561) 659-3300
                    Facsimile: (561) 659-1911

                    By: _____
                        STEVEN L. SCHWARZBERG
                        Florida Bar No. 0306134
                        steve@schwarzberglaw.com
                        GRACE M. MURILLO
                        Florida Bar No. 030525
                        Email:gmurillo@schwarzberglaw.com
                        Secondary Email: mail@schwarzberglaw.com

**VERIFIED RETURN OF SERVICE**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY ,FLORIDA
_____
NAME   OF COURT

JUDITH PEREZ
       plaintiff

vs.

PUBLIX SUPERMARKETS,INC.,
a Florida corporation

_____
CASE NUMBER: 2013CA001676XXXXMB


RECEIVED BY: ELIZABETH WILSON PROCESS SERVICE ON:
FEBRUARY 4,2013 AT 11:00 a.m.  SUMMONS AND COMPLAINT,
COPY OF SUMMONS.

SUMMONS AND COMPLAINT RECEIVED ARE  TO  BE  SERVED ON :
PUBLIX SUPERMARKETS, INC. c/o its Registered Agent
JOHN A. ATTAWAY,JR. 3300 PUBLIX CORPORATE PARKWAY
LAKELAND,FL. 33811

I: ELIZABETH WILSON DO HEREBY AFFIRM  that I am
over the age of 18  years and not a party to this action, and that within the boundaries
of the state where service was effectuated, I  was authorized to perform said service.
I AFFIRM THAT ON (DATE)  FEBRUARY  6TH ,2013  AT (TIME)  10:54 a.m.
I SERVED : VICKEY COWARD AS RECEPTIONIST AND AUTHORIZED EMPLOYEE
FOR  PUBLIX SUPERMARKETS,INC. WITH THE
ABOVE LISTED DOCUMENTS.
_____Residence:
___✓__Business: 3300 PUBLIX CORPORATE PARKWAY LAKELAND,FL.33811
_By_ serving Authorized  Employee ; Vickey coward_
MANNER OF SERVICE: CORPORATE  by Serving Authorized Employee.
_____Individual Service :By delivering copies to the person being served
_____Non Service: After Due search,careful Inquiry,and dilligent attempts at the
address(es) listed above, I have been unable to effect process upon the person/entity
being served because of the following reasons:

_____
_____Unknown at Address_____moved left no forwarding_____service cancelled
by litigant_____unable to serve in a timely manner
_____Other_____
Service Attempts:Service was attempted on _____  _____

**EXHIBIT**

exhibit A

date/time       date/time

DESCRIPTION: RACE: WHITE . AGE:APPROXIMATE 45-50 . SEX: FEMALE.
HEIGHT:APPROX.5'7" ,HAIR COLOR: GREYISH  HAIR.
WEIGHT:  APPROXIMATELY 190 LBS.

CASE NUMBER:16-2012-CP-1288

_Elizabeth Wilson_

Signature Of Process Server

ELIZABETH WILSON  /I.D# CA-482

Printed Name Of Process Server

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

JUDITH PEREZ,                                    CASE NO.: 2013CA001676XXXXMB AH

     Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation,

     Defendant.

_____/

## PLAINTIFF'S NOTICE OF FILING SUMMONS

Plaintiff, Judith Perez, by and through undersigned counsel, hereby gives notice of the

filing of the Summons, attached hereto as Exhibit "A."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via

U.S. Mail and e-mail upon Edmund J. McKenna, Esq., Ogletree, Deakins, Nash, Smoak, &

Stewart, P.C., 100 North Tampa Street, Suite 3600, Tampa, FL 33602 and

edmund.mckenna@ogletreedeakins.com on this 14 day of March, 2013.

SCHWARZBERG & ASSOCIATES
Attorneys for Judith Perez
Phillips Point, East Tower
777 South Flagler Drive, Suite 1120E
West Palm Beach, FL 33401
Telephone:(561) 659-3300
Facsimile: (561) 659-1911

By: _____
STEVEN L. SCHWARZBERG
Florida Bar No. 0306134
steve@schwarzberglaw.com
GRACE M. MURILLO
Florida Bar No. 030525
Email:gmurillo@schwarzberglaw.com
Secondary Email: mail@schwarzberglaw.com

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.

JUDITH PEREZ,

      Plaintiff,

vs

PUBLIX SUPER MARKETS, INC.,
a Florida corporation

      Defendant.
_____/

*2013 CA 001676 XXXX MB*

*Served Vickey Coward*
*as Receptionist*
*Date 2/6/13*
*Time: 10:54 a.m.*
*By: ECW*
*ID # CA-482*

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant:

    **PUBLIX SUPER MARKETS, INC.**
    **c/o its Registered Agent**
    **John A. Attaway, Jr.**
    **3300 Publix Corporate Parkway**
    **Lakeland, FL 33811**

    The defendant is required to serve written defenses to the Complaint on Steven L. Schwarzberg, Esq. of Schwarzberg & Associates, Plaintiff's attorney, whose address is Phillips Point -- East Tower, 777 South Flagler Drive, Suite 1120E, West Palm Beach, Florida 33401, within twenty (20) days after service of this summons, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If the defendant fails to do so, a default will be entered against the defendant for the relief demanded in the Complaint.

SHARON R. BOCK, CLERK
PALM BEACH COUNTY, FL
CIRCUIT PROBATE
13 JAN 30 PM 4:50

**EXHIBIT**
*A*

DATED on this _____ day of January, 2013.

JAN 30 2013

SHARON R. BOCK
Clerk/Comptroller of the Court

(SEE REVERSE SIDE)
(VEASE AL REVERSO)
(VOIR DE L'AUTRE COTE DE)

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

As Deputy Clerk
(SEAL)

HILARY MOSKOWITZ

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**THIS NOTICE IS PROVIDED PURSUANT TO ADMINISTRATIVE ORDER NO. 2.031-9/96**

In accordance with the Americans with Disabilities Act, persons in need of a special accommodation to participate in this proceeding or to access a court service, program or activity shall, within a reasonable time prior to any proceeding or need to access a service, program or activity, contact the Administrative office of the Court, 205 North Dixie Highway, Room 5.2500, West Palm Beach, Florida 33401, telephone (561) 355-2431, or 1-800-955-8771 (TDD), or 1-800-955-8770 (V), via Florida Relay Service.

**SPANISH**

De acuerdo con el Acta de los Americanos con Impedimentos, aquellas personas que necesiten de algún servicio especial para participar en este proceso o tener acceso a servicios, programas ó actividades de la Corte deberán, dentro de un período rasonable antes de cualquier proceso ó de tener necesidad de acceso a servicios, programas ó actividades, ponerse en contacto con la Oficina Administrativa de la Corte, que está situada en el 205 N. Dixie Highway, oficina número 5.2500, West Palm Beach, Florida 33401, ó a los teléfonos (561) 355-2431 ó 1-800-955-9771 (TDD) y si usa el servicio Florida Relay Service al 1-800-955-8770 (V).

**CREOLE**

D'aprè akò ki té fet avek Akt Pou Amérikin ki Infim, tout moun ki genyen yon bzwen espesyal pou akomodasyon pou yo patisipé nan pwosè obyen pou gin aks. Sèvis, pwogram ak aktivitè tibinal-la, dwè nan yon tan rézonab anvan okin pwosè oubyen bezwen aksè sèvis, pwogram oubyen aktivitè fèt, yo dwé konta Ofis Tribinal-la ki nan 205 North Dixie Highway, Cham 5.2500, West Palm Beach, Florida 33401, niméro téléfonn-nan sé (561) 355-2431, ou byen 1-800-955-8771 (TDD) ou byen 1-800-955-8770 (V) an pasan pa Florida Relay Service.

**FRENCH**

En accordance avec l'Acte Pour les Américains Incapacités, les personnes en besoin d'une accommodation spéciale pour participer á ces procédures, ou bien pour avoir accès au service, progamme, ou activité de la Court doivent, dans un temps rasionable, avant aucune procedures ou besoin d'accès de service, programme ou activité, contacter l'Office Administrative de la Court, situé au numéro 205 North Dixie Highway, chambre 5.2500, West Palm Beach, Florida 33401, le numéro de téléphone (561) 355-2431, ou 1-800-955-8771 (TDD), ou 1-800-955-8770 (V) on par Florida Relay Service.

Page 2 of 2

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

JUDITH PEREZ,                                    CASE NO.: 2013CA001676XXXXMB AH

      Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation,

      Defendant.

_____/

## ORDER SPECIAL SETTING HEARING ON
## MOTION OF DEFENDANT PUBLIX SUPER MARKETS, INC. TO DISMISS
## PLAINTIFF'S COMPLAINT

**THIS MATTER** has been specially set before Judge Lucy Chernow Brown, Courtroom

11C of the Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach,

Florida 33401.

      **DATE:**          **Thursday, March 14, 2013**

      **TIME:**          **9:30 a.m.**

      **MATTER:**     **Motion of Defendant Publix Super Markets, Inc. To Dismiss**
                       **Plaintiff's Complaint**

      **AMOUNT OF TIME ALLOTTED: <u>30 MINUTES</u>**

      **NOTE:**        **THIS HEARING IS SPECIALLY SET BY COURT ORDER AND
                       CANNOT BE CANCELLED OR RESET EXCEPT BY COURT
                       ORDER. ALL MEMORANDA MUST BE SUBMITTED TO
                       JUDGE'S CHAMBERS NO LATER THAN FIVE (5) BUSINESS
                       DAYS PRIOR TO HEARING.**

      **DONE AND ORDERED** in Chambers, West Palm Beach, Palm Beach County, Florida

this ____ day of February, 2013.

                                     SIGNED & DATED

                                       MAR 0 4 2013

                           _____

                           LUCY CHERNOW BROWN
                           CIRCUIT COURT JUDGE

MAR 0 6 2013

cc:   Steven L. Schwarzberg, Esq. and Grace M. Murillo, Esq., Schwarzberg & Associates, Phillips Point – East Tower, 777 S. Flagler Drive, Suite 1120E, West Palm Beach, FL 33401

Edmund J. McKenna, Esq., Ogletree, Deakins, Nash, Smoak, & Stewart, P.C., 100 North Tampa Street, Suite 3600, Tampa, FL 33602

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

JUDITH PEREZ,                              CASE NO.: 2013CA001676XXXXMB AH

     Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation,

     Defendant.

_____/

### PLAINTIFF'S MOTION TO RESCHEDULE SPECIAL SET HEARING ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff, Judith Perez ("Plaintiff"), by and through undersigned counsel, files this Motion to Reschedule Special Set Hearing on Defendant's Motion to Dismiss Plaintiff's Complaint, set by this Honorable Court for March 14, 2013 at 9:30 a.m., and state:

1.    On February 21, 2013, Defendant served its Motion of Defendant Publix Super Markets, Inc. to Dismiss Plaintiff's Complaint ("Defendant's Motion").

2.    On February 21, 2013, opposing counsel was contacted to clear the special set hearing date on March 14, 2013 at 9:30 a.m.

3.    On February 27, 2013, undersigned counsel was contacted by opposing counsel, who stated that they were unable to attend the hearing due to "no flights that will accommodate Mr. McKenna's schedule to attend this hearing."

4.    On March 4, 2013, this Court entered an Order Special Setting the Hearing on Defendant's Motion for March 14, 2013 at 9:30 a.m.

5.    In light of receiving confirmation from Defendant's attorney that the hearing date of March 14, 2013 at 9:30 a.m. was acceptable to them, Plaintiff requests that this Court

reschedule the special set hearing to April 4, 2013 at 4:30 p.m. to accommodate Defendant's counsel.

WHEREFORE, Plaintiff, Judith Perez, respectfully requests this Honorable Court to enter an Order cancelling the special set hearing on the Motion of Defendant Publix Super Markets, Inc. to Dismiss Plaintiff's Complaint, and for such other and further relief as this Court deems just, necessary and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail and e-mail upon Edmund J. McKenna, Esq., Ogletree, Deakins, Nash, Smoak, & Stewart, P.C., 100 North Tampa Street, Suite 3600, Tampa, FL 33602 and edmund.mckenna@ogletreedeakins.com on this |ᵗʰ day of March, 2013.

SCHWARZBERG & ASSOCIATES
Attorneys for Judith Perez
Phillips Point, East Tower
777 South Flagler Drive, Suite 1120E
West Palm Beach, FL 33401
Telephone:(561) 659-3300
Facsimile: (561) 659-1911

By: _____
STEVEN L. SCHWARZBERG
Florida Bar No. 0306134
steve@schwarzberglaw.com
GRACE M. MURILLO
Florida Bar No. 030525
Email:gmurillo@schwarzberglaw.com
Secondary Email: mail@schwarzberglaw.com

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

JUDITH PEREZ,

CASE NO.: 2013CA001676XXXXMB AH

      Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation,

      Defendant.

_____/

### NOTICE OF HEARING

     **PLEASE TAKE NOTICE** that the undersigned will bring before the Court the

following matter:

| | |
|---|---|
| **DATE:** | Wednesday, March 13, 2013 |
| **TIME:** | 8:45 a.m. |
| **JUDGE:** | The Honorable Lucy Chernow Brown |
| **PLACE:** | Palm Beach County Courthouse, 205 North Dixie Highway, **Courtroom 11C,** West Palm Beach, Florida |
| **MATTERS:** | **Plaintiff's Motion to Reschedule Special Set Hearing on Defendant's Motion to Dismiss Plaintiff's Complaint** *(Defendant's counsel need not appear)* |

**Notice to Persons with Disabilities**

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Dominique March, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le**

provea cierta ayuda.  Tenga la amabilidad de ponerse en contacto con Dominique March, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd.  Tanpri kontakte Dominique March, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355 4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail and e-mail upon Edmund J. McKenna, Esq., Ogletree, Deakins, Nash, Smoak, & Stewart, P.C., 100 North Tampa Street, Suite 3600, Tampa, FL 33602 and edmund.mckenna@ogletreedeakins.com on this ____ day of March, 2013.

SCHWARZBERG & ASSOCIATES
Attorneys for Judith Perez
Phillips Point, East Tower
777 South Flagler Drive, Suite 1120E
West Palm Beach, FL 33401
Telephone:(561) 659-3300
Facsimile: (561) 659-1911

By: _____
STEVEN L. SCHWARZBERG
Florida Bar No. 0306134
steve@schwarzberglaw.com
GRACE M. MURILLO
Florida Bar No. 030525
Email:gmurillo@schwarzberglaw.com
Secondary Email:  mail@schwarzberglaw.com

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

JUDITH PEREZ,                                    CASE NO.: 2013CA001676XXXXMB AH

      Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation,

      Defendant.
_____/

*Agreed* **ORDER FOR CANCELLING A SPECIAL SET HEARING** *and resetting*
*Hearing for April 4 at 4:30 pm*

    **THIS CAUSE,** having come on to be reviewed by the Court, and the Court otherwise

being fully advised in the premises, it is hereby:

    **ORDERED and ADJUDGED** that the Special Set Hearing before **The Honorable**

**Lucy Chernow Broward** set for **Thursday, March 14, 2013 at 9:30 a.m.,** in Courtroom 11-C,

205 North Dixie Highway, West Palm Beach, FL 33401 is hereby **cancelled.** *and reset for April 4*
*at 4:30 pm on Defendant's Motion to Dismiss - A separate order indicating the hearing cannot*
    DONE AND ORDERED in Chambers in Palm Beach County, Florida on this *13* day of

March, 2013.

                              HONORABLE LUCY CHERNOW BROWN
                                    Circuit Court Judge

**Copies Furnished To:**

Steven L. Schwarzberg, Esq., Schwarzberg & Associates, Phillips Point – East Tower, 777 S.
Flagler Drive, Suite 1120E, West Palm Beach, FL 33401

Edmund J. McKenna, Esq., Ogletree, Deakins, Nash, Smoak, & Stewart, P.C., 100 North Tampa
Street, Suite 3600, Tampa, FL 33602

\* *be cancelled shall be entered separately.*

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

JUDITH PEREZ,                                    CASE NO.: 2013CA001676XXXXMB AH

        Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation,

        Defendant.

_____/

## ORDER SPECIAL SETTING HEARING ON
## MOTION OF DEFENDANT PUBLIX SUPER MARKETS, INC. TO DISMISS
## PLAINTIFF'S COMPLAINT

**THIS MATTER** has been specially set before Judge Lucy Chernow Brown, Courtroom

11C of the Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach,

Florida 33401.

    **DATE:**        **Thursday, April 4, 2013**

    **TIME:**        **4:30 p.m.**

    **MATTER:**      **Motion of Defendant Publix Super Markets, Inc. To Dismiss
                     Plaintiff's Complaint**

    **AMOUNT OF TIME ALLOTTED: 30 MINUTES**

    **NOTE:**        **THIS HEARING IS SPECIALLY SET BY COURT ORDER AND
                     CANNOT BE CANCELLED OR RESET EXCEPT BY COURT
                     ORDER. ALL MEMORANDA MUST BE SUBMITTED TO
                     JUDGE'S CHAMBERS NO LATER THAN FIVE (5) BUSINESS
                     DAYS PRIOR TO HEARING.**

    **DONE AND ORDERED** in Chambers, West Palm Beach, Palm Beach County, Florida

this ____ day of March, 2013.

                                        SIGNED & DATED

                                        MAR 1 5 2013

                                        _____
                                        LUCY CHERNOW BROWN
                                        CIRCUIT COURT JUDGE

MAR 2 0 2013

cc:    Steven L. Schwarzberg, Esq. and Grace M. Murillo, Esq., Schwarzberg & Associates, Phillips Point – East Tower, 777 S. Flagler Drive, Suite 1120E, West Palm Beach, FL 33401

Edmund J. McKenna, Esq., Ogletree, Deakins, Nash, Smoak, & Stewart, P.C., 100 North Tampa Street, Suite 3600, Tampa, FL 33602

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

JUDITH PEREZ,                                          CASE NO.: 2013CA001676XXXXMB AH

       Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida corporation,

       Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, Judith Perez ("Perez") hereby sues Publix Super Markets, Inc. ("Publix") (Perez
and Publix hereinafter collectively referred to as the "Parties") and states:

## GENERAL ALLEGATIONS

1.    This is an action for failure to accommodate religious beliefs, for which this
Honorable Court has subject matter jurisdiction under the Florida Civil Rights Act of 1992, Fla.
Stat. 760.01-.11 ("FCRA") and Title VII, 42 U.S.C. § 2000e-2.  This action is to recover
damages in excess of $15,000 (exclusive of interest, costs and attorneys' fees) and to obtain
equitable relief within the subject matter jurisdiction of this Honorable Court.

2.    At all times pertinent to this Complaint, Publix was and is a Florida corporation
with locations throughout Florida.

3.    At all times pertinent to this Complaint, Perez was and is a resident of Palm
Beach County, Florida.

4.      Perez, a bona fide observer of the Jewish Sabbath, applied for a full-time position, Assistant Pharmacy Manager, with Publix.

5.      Perez was interviewed on or about January 3, 2012 by Brian Williams, Pharmacy Supervisor ("Williams").

6.      During the interview, Perez reiterated her sincere interest in working for Publix.

7.      Williams told Perez that he was extremely impressed with her and that she seemed perfect for the position.

8.      At the end of the interview, Williams asked Perez if there was anything that would prevent her from working any particular shift.

9.      Perez informed Williams that she observes the Orthodox Jewish faith, keeps the Sabbath, and would be unable to work from sunset Friday through sunset Saturday.

10.     Perez, on her own accord, and without any request from Williams, offered to work every Sunday and all other days, including but not limited to, all holidays of all other religions and faiths (including, but not limited to, Christmas, Thanksgiving week, Fourth of July, Labor Day, Martin Luther King Day, President's Day, Columbus Day, Veteran's Day, Memorial Day etc., etc. etc.).

11.     Williams then informed Perez that her inability to work from sunset Friday through sunset Saturday presented a scheduling limitation that might be an issue and that he would need to look into the scheduling issue.

12.     Williams failed to discuss scheduling options or any possible accommodations with Perez whatsoever.

13.     Not long after Ms. Perez's interview with Mr. Williams he left the following voice mail message for her:

2

Good Afternoon Judith, this is Brian Williams at Publix Pharmacy, I was just calling to get back to you in reference to our interview we had together. It was a pleasure to meet you, but ***unfortunately a lack of availability and not being able to coordinate a schedule with the pharmacist I have really no opportunities at this time***, but I received your application and your resume and hopefully if something does arise or come up in the future I will get in touch with you. Thanks, have a great day.

Emphasis added.

14.     Publix did not offer Perez an Assistant Pharmacy Manager position assigned to one Publix location because of her lack of availability (i.e., she was unable to work on the Jewish Sabbath).

15.     Perez timely and dually filed a Charge of Discrimination against Publix based on religious discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

16.     On January 30, 2013, Perez received a Notice of Right to Sue from the EEOC stating that "[m]ore than 180 days have passed since the filing of t[he] charge" and that the EEOC is "terminating its processing of th[e] charge."

17.     All conditions precedent to the filing of this lawsuit have been performed, excused or waived.

18.     Perez has retained the services of Schwarzberg & Associates to represent her interests and has agreed to pay Schwarzberg & Associates its reasonable attorneys' and paralegal fees.

<u>COUNT I</u>
**<u>Religious Discrimination – Failure to Accommodate</u>**
**(FCRA)**

19.     Perez incorporates the General Allegations as if fully set forth herein.

3

20.    Perez is an individual "person" and an "aggrieved person" as those terms are defined under Fla. Stat. §§ 760.02(6) and (10).

21.    Publix was an "employer" as that term is defined under Fla. Stat. § 760.02(7) because Publix employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

22.    Perez is and was a bona fide observer of the Jewish Sabbath, and is entitled to protection under the FCRA.

23.    Perez's bona fide religious observance conflicted with Publix's employment requirement that she work from sunset Friday through sunset Saturday.

24.    Publix failed to offer Perez employment with an accommodation for her to exercise her religious rights and to observe the Jewish Sabbath.

25.    Publix's refusal to hire Perez because she could not commit to working every day of the week, including the Jewish Sabbath, was malicious and done with reckless disregard for Perez's rights.

26.    As a direct and proximate result of Publix's discriminatory actions, Perez has suffered and continues to suffer damages, including, but not limited to, emotional distress.

**WHEREFORE,** Plaintiff, Judith Perez respectfully requests that this Honorable Court:

A. issue an order prohibiting Publix's discriminatory practice;

B. issue an order that Publix offer to hire Judith Perez;

C. provide affirmative relief from the effects of Publix's discriminatory practice, including, but not limited to, back pay and front pay and as shall appear proper within the provisions of FCRA;

4

D.  award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries;

E.  award punitive damages; and

F.  award attorneys' fees and costs; and

G.  issue any such other and further relief that this Honorable Court deems just and proper.

## COUNT II
## Religious Discrimination – Disparate Treatment
## (FCRA)

27.  Perez incorporates the General Allegations as if fully set forth herein.

28.  Perez is a member of a protected class.

29.  She applied for and was qualified for the position of Assistant Pharmacy Manager, for which Publix was seeking applicants.

30.  Perez was rejected for employment because of her religion despite her qualifications.

31.  After her rejection, Publix continued to seek applicants with Perez's qualifications outside of Perez's protected class.

32.  Publix's refusal to hire Perez because she is Jewish was malicious and done with reckless disregard for Perez's rights.

33.  As a direct and proximate result of Publix's discriminatory actions, Perez has suffered and continues to suffer damages, including, but not limited to, emotional distress.

**WHEREFORE,** Plaintiff, Judith Perez respectfully requests that this Honorable Court:

5

A. issue an order prohibiting Publix's discriminatory practice;

B. issue an order that Publix offer to hire Judith Perez;

C. provide affirmative relief from the effects of Publix's discriminatory practice, including, but not limited to, back pay and front pay and as shall appear proper within the provisions of FCRA;

D. award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries;

E. award punitive damages; and

F. award attorneys' fees and costs; and

G. issue any such other and further relief that this Honorable Court deems just and proper.

## COUNT III
### Religious Discrimination – Failure to Accommodate
### (Title VII)

34.     Perez incorporates the General Allegations as if fully set forth herein.

35.     Title VII makes it unlawful "for an employer—to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... religion..." 42 U.S.C. § 2000e-2.

6

36.     Title VII imposes a duty on employers to "reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

37.     Perez is an individual "person" as that term is defined under Title VII. 42 U.S.C. § 2000e(a).

38.     Publix was an "employer" as that term is defined under Title VII because Publix employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 2000e(b).

39.     Perez is and was a bona fide observer of the Jewish Sabbath, and is entitled to protection under Title VII.

40.     Perez's bona fide religious observance conflicted with Publix's employment requirement that she work from sunset Friday through sunset Saturday.

41.     Publix failed to offer Perez employment with an accommodation for her to exercise her religious rights and to observe the Jewish Sabbath.

42.     Publix's refusal to hire Perez because she could not commit to working every day of the week, including the Jewish Sabbath, was malicious and done with reckless disregard for Perez's rights.

43.     As a direct and proximate result of Publix's discriminatory actions, Perez has suffered and continues to suffer damages, including, but not limited to, emotional distress.

**WHEREFORE,** Plaintiff, Judith Perez respectfully requests that this Honorable Court:

    A.  issue an order prohibiting Publix's discriminatory practice;

    B.  issue an order that Publix offer to hire Judith Perez;

7

C. provide affirmative relief from the effects of Publix's discriminatory practice, including, but not limited to, back pay and front pay and as shall appear proper within the provisions of Title VII;

D. award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries;

E. award punitive damages;

F. award attorneys' fees and costs; and

G. issue any such other and further relief that this Honorable Court deems just and proper.

## COUNT IV
### Religious Discrimination – Disparate Treatment
### (Title VII)

44. Perez incorporates the General Allegations as if fully set forth herein.

45. Perez is a member of a protected class.

46. She applied for and was qualified for the position of Assistant Pharmacy Manager, for which Publix was seeking applicants.

47. Perez was rejected for employment because of her religion despite her qualifications.

48. After her rejection, Publix continued to seek applicants with Perez's qualifications outside of Perez's protected class.

49. Publix's refusal to hire Perez because she is Jewish was malicious and done with reckless disregard for Perez's rights.

8

50.     As a direct and proximate result of Publix's discriminatory actions, Perez has suffered and continues to suffer damages, including, but not limited to, emotional distress.

**WHEREFORE,** Plaintiff, Judith Perez respectfully requests that this Honorable Court:

A. issue an order prohibiting Publix's discriminatory practice;

B. issue an order that Publix offer to hire Judith Perez;

C. provide affirmative relief from the effects of Publix's discriminatory practice, including, but not limited to, back pay and front pay and as shall appear proper within the provisions of Title VII;

D. award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries;

E. award punitive damages;

F. award attorneys' fees and costs; and

G. issue any such other and further relief that this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiff, Judith Perez, hereby demands and is entitled to a trial by jury as to all issues and claims set forth herein.

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail to: Edmund J. McKenna, Esq., Ogletree, Deakins, Nash, Smoak, &

9

Stewart, P.C., 100 North Tampa Street, Suite 3600, Tampa, FL 33602 and

edmund.mckenna@ogletreedeakins.com on this 25th day of March, 2013.

SCHWARZBERG & ASSOCIATES
Attorneys for Judith Perez
Phillips Point - East Tower
777 South Flagler Drive, Suite 1120E
West Palm Beach, FL 33401
Telephone: (561) 659-3300
Facsimile: (561) 659-1911

By: _____

STEVEN L. SCHWARZBERG, ESQ.
Florida Bar No. 0306134
Primary Email: steve@schwarzberglaw.com
Secondary Email: mail@schwarzberglaw.com
GRACE M. MURILLO, ESQ.
Florida Bar No. 030525
Email:gmurillo@schwarzberglaw.com
Secondary Email: mail@schwarzberglaw.com
LISA M. KOHRING
Florida Bar No.: 93781
Primary e-mail: lkohring@schwarzberglaw.com
Secondary e-mail: mail@schwarzberglaw.com